+NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0351n.06

No. 13-1816

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JEFFREY BACON, ET AL.,      )
            )
  Plaintiffs-Appellants,    )
            )
    v.         )
            )
EATON CORPORATION,     )
            )
  Defendant,       )
            )
EATON AEROQUIP, LLC,     )
            )
  Defendant – Appellee.    )

FILED
May 01, 2014
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE:  KEITH, COOK, and KETHLEDGE, Circuit Judges.

  **DAMON J. KEITH, Circuit Judge.**  Plaintiffs, former industrial supervisors under the employ of Defendants Eaton Corporation and Eaton Aeroquip, LLC, appeal the district court's grant of summary judgment in favor of Defendants.

  Plaintiffs were formerly "front line" shift supervisors of more than 20 hourly employees. They were the first line of supervision for hourly employees, and they were under the supervision of second-level managers.  One Plaintiff was promoted to the position of second-level manager in January 2010, and oversaw three other Plaintiffs upon promotion.

  Plaintiffs filed suit in the Eastern District of Michigan, seeking to recover unpaid overtime compensation and other damages due to their alleged misclassification as exempt executives under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  At issue

before the court was whether Plaintiffs had sufficient influence over personnel decisions to be properly classified by Defendants as exempt executives. The district court held that Plaintiffs were indeed exempt executives, and granted Defendants' motion for summary judgment as to all claims. However, because a reasonable jury could find that, based upon the record, Plaintiffs did not have sufficient influence over personnel decisions to be classified as exempt executives, we **REVERSE** the decision of the district court and **REMAND** for trial.

## I.

A district court will only grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This Court reviews a district court's grant of summary judgment *de novo*. *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013) (internal citations omitted). Because Plaintiffs seek review of a grant of summary judgment, we briefly recount the facts of the case, which are in controversy, in the light most favorable to them. *Villegas, 709 F.3d at 568.*

The record reflects that Plaintiffs completed probationary evaluations for employees under their supervision. Plaintiffs contend, however, that Defendants hired probationary employees as a matter of course, and that Defendants did not place great weight upon Plaintiffs' probationary evaluations. The record also reflects that certain Plaintiffs only submitted probationary evaluations after the probationary employee's probation had ended, and therefore had no influence upon whether or not the probationary employee was hired.

Plaintiffs also contend that their job descriptions did not include providing suggestions as to hiring and firing, or other changes of employment status. They also note that none of them

completed the requisite training for conducting interviews, nor did they participate in the interviewing process.

Plaintiffs also submitted evidence which demonstrates that Defendants neither relied upon nor necessarily welcomed Plaintiffs' recommendations as to personnel decisions. For example, one Plaintiff alleged that Human Resources explicitly informed him that his hiring recommendation was not needed, and that his recommendation be construed as evidence of favoritism. Plaintiffs also claim that Defendants failed to follow up on the discipline reports issued by Plaintiffs, and at times, discarded those reports. Finally, Plaintiffs claim that disciplinary and personnel actions that they effectuated were largely based on direct orders from Plaintiffs' superiors, and were not independent actions taken by Plaintiffs themselves.

## II.

The FLSA requires an employer covered by the statute to pay time and a half for all hours worked in excess of forty hours in a single work week. *See* 29 U.S.C. § 207(a)(1). An employer may avoid this requirement with respect to employees properly classified as exempt executives. *See* 29 U.S.C. § 213(a)(1).

### A. *The Executive Exemption Test*

The Department of Labor ("DOL") has established a four-part test to determine whether or not an employee has been appropriately classified under the executive exemption. *See* 29 C.F.R. 541.100. An employee who is an exempt executive is one who is "(1) [c]ompensated on a salary basis at a rate of not less than $455 per week . . . ; (2) [w]hose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) [w]ho customarily and regularly directs the work of two or more other employees; and (4) [w]ho has the authority to hire or fire other employees or whose

suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." *Id.* Plaintiffs concede that the first three prongs of the DOL's four-part test have been satisfied in this case. Therefore, the only issue before this Court, as we determine whether or not Plaintiffs had sufficient influence over personnel decisions to qualify as exempt executives, is whether the fourth prong has also been satisfied. Plaintiffs contend that the fourth prong was *not* satisfied, and that Defendants did not give particular weight to Plaintiffs' recommendations and suggestions as to personnel decisions. Defendants contend, conversely, that Plaintiffs did have significant influence over personnel decisions and *are* exempt under the FLSA.

The DOL's test is to be "narrowly construed against the employers seeking to assert [the exemptions]," *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 70 (6th Cir. 1997), and the "employer bears not only the burden of proof, but also the burden on each element of the claimed exemption. *Id.*; *see also Beauchamp v. Flex-N-Gate LLC*, 357 F.Supp.2d 1010, 1013 (E.D. Mich. 2005). Moreover, a plaintiff "is entitled to summary judgment unless the defendant can come forward with evidence at least creating a genuine issue of material fact as to whether the plaintiff meets each and every element of the exemption." *Beauchamp*, 357 F.Supp. 2d at 1013 (quoting *Martin*, 381 F.3d at 578).

### B. Changes of Status

Though hiring, firing, advancement and promotion are commonly understood terms in the context of employment, the concept of a change of status has required definition. In this case, whether or not Plaintiffs had significant influence over employees' changes of status is of particular importance; even if Defendants cannot show that Plaintiffs were involved in hiring and firing or promotion, they can satisfy the fourth prong of the DOL's executive exemption test by

demonstrating that Plaintiffs were instrumental in other employment status changes such as reassignments or changes in benefits or pay.

This Court has defined a change of status as a tangible employment action that constitutes "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Keeton v. Flying J, Inc.*, 429 F.3d 259, 263 (6th Cir. 2005)(internal quotation omitted); *see also Pa. State Police v. Suders*, 542 U.S. 129, 144 (2004). *De minimis* actions, or actions that are not materially adverse, are not changes of status. *See White v. Burlington N. & Santa Fe Ry.*, 364 F.3d 789, 795 (6th Cir. 2004). Changes in status "'must be more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Sanford v. Main St. Baptist Church Manor, Inc.*, 327 Fed. Appx. 587, 597 (6th Cir. 2009). Furthermore, temporary reassignments that do not cause pay or benefit reductions are not changes of status, as a matter of law. *See White*, 364 F.3d at 795.

The DOL provides the following three-prong test for determining whether an employee has significant influence over other employees' "changes of status": "[1] whether it is part of the employee's job duties to make such suggestions and recommendations; [2] the frequency with which such suggestions and recommendations are made or requested; and [3] the frequency with which the employee's suggestions and recommendations are relied upon." *See* 29 C.F.R. 541.105. Occasional suggestions and recommendations do not suffice to demonstrate that an employee had significant influence over other employees' changes of status. *Id.* Plaintiffs contend that their employment with Defendants did not satisfy this test, and that, accordingly, the four-prong executive exemption test is necessarily unsatisfied.

## III.

To survive Plaintiffs' appeal, Defendants must overcome the burden of showing that no reasonable jury could find that individual Plaintiffs lacked sufficient influence over personnel changes of status to qualify for the FLSA's executive exemption. And yet, Plaintiffs have submitted substantial evidence that, if proven true, would show that they did not have significant influence over other employees' changes of status, and that they therefore did not qualify for exempt executive status. As discussed, *supra*, Plaintiffs claim that their personnel recommendations were disregarded and rejected, that they were not trained to participate in personnel recruitment and intake, and that their job descriptions did not include decision-making regarding personnel.

As a matter of law, an employee who merely carries out the orders of a superior to effectuate a change of status is not performing exempt executive duties. *See Petersen v. Cleveland Inst. of Art*, No. 1: 08 CV 1217, 2011 U.S. Dist. Lexis 41578, at *24, *28 (N.D. Ohio April 18, 2011) (citing 29 C.F.R. 541.106(a)). In *Petersen*, the trial court held that "the fact that Plaintiff hired students he was instructed to hire does not qualify [him] for the executive exemption." *Id*. But Defendants' primary argument is that Plaintiffs had indirect, but significant, influence over changes of status through a "progressive discipline" system, *see Beauchamp*, 357 F. Supp. 2d at 1016. Under a progressive discipline system, multiple violations of the same rules result in progressively more severe punishments. *See id.*

However, unlike in *Beauchamp*, the record before us reflects that discipline may not have been used progressively, but in the manner upon which Human Resources and management decided. As support for this theory, Plaintiffs have submitted evidence that Defendants removed past disciplinary action forms—completed by Plaintiffs—from employees' files, thereby

eliminating a record upon which discipline could progress. Plaintiffs have also submitted evidence that employees received the same forms of reprimand for repeated violations, undermining Defendants' claim that discipline escalated from minor to severe punishments.

In sum, Defendants have not demonstrated that no reasonable jury could decide in favor of Plaintiffs. While Plaintiffs certainly did work in supervisory positions, the record reflects substantial controversy as to the material facts at issue in this case—whether or not Plaintiffs' suggestions and recommendations as to hirings, firings, promotions, or other changes in status were given particular weight by Defendants. Based upon the record, we find that a reasonable jury could determine that some or all Plaintiffs lacked sufficient influence over other employees' changes of status to be properly classified as exempt executives under the FLSA.

Because there exists a genuine issue of material fact as to whether or not Plaintiffs had sufficient influence over personnel decisions, the grant of summary judgment to Defendants was improper. Accordingly, and pursuant to FED. R. CIV. P. 56, we **REVERSE** the decision of the district court as to all Plaintiffs, and **REMAND** for trial.